

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 4, 2016

**BY ECF AND HAND DELIVERY**

The Honorable Paul A. Engelmayer
United States District Court
40 Foley Square
New York, NY 10007

Re:   *United States* v.  *Jonathan Rodriguez et al.*, S2 15 Cr. 445 (PAE)

Dear Judge Engelmayer:

      The Government writes in response to the Court's Order of May 3, 2016, and in advance of the status conference scheduled for May 5, 2016.  As requested in Your Honor's May 3 Order, this letter provides a summary of the Government's provision of Rule 16 discovery since the last status conference, as well as the Government's present expectations as to the structure and scope of a superseding indictment, the timetable on which the Government expects to seek the return of a superseding indictment, and the appropriate trial date for defendants who will not face additional charges in the superseding indictment.

      Rule 16 discovery:  Since the last status conference, the Government has continued to investigate the charges in this case, and has obtained additional Rule 16 discovery, which either has been produced or is in the process of being produced.  This Rule 16 discovery includes:  (1) approximately twelve Youtube videos depicting members and associates of 18 Park performing rap songs, some lyrics of which relate to incidents relevant to this case; (2) the returns from six cellphones seized during the course of the respective defendants' arrests and searched pursuant to search warrants; (3) additional laboratory reports for drug testing related to narcotics seized during the course of this investigation; and (4) materials obtained from the Bronx District Attorney's Office relating to incidents relevant to this case.  The Government has recently made available to defense counsel and with Emma Greenwood, Esq., the Discovery Coordinator in this case, to load onto hard drives the the Youtube videos, cellphone search warrant returns, and additional laboratory reports.  In addition, the Government is currently processing the materials obtained from the Bronx District Attorney's Office, which were only recently received, and expects to produce those materials in the coming weeks.  Finally, the Government has conferred with Ms. Greenwood regarding the discovery that has been provided in this case—which spans

more than 150,000 pages. The Government is unaware of any unresolved issues the defendants or their counsel have had in accessing the discovery.[1]

Scope and Structure of the Superseding Indictment: The Government expects to seek the return of a superseding indictment in this case in the next two months. Among other things, the Government expects the superseding indictment to charge certain defendants already charged in this case with additional offenses, many of which are currently identified in the operative indictment, either as overt acts or as separate counts. In addition, the Government expects the superseding indictment to charge one or more defendants with committing a murder, which is not identified in the operative indictment.

Timetable of the Superseding Indictment and Trial Dates: As explained, the Government anticipates seeking the return of a superseding indictment in the next two months. The Government expects that, of the twenty-six defendants named in the currently operative indictment, at least approximately ten to fifteen will not face additional charges in the superseding indictment. The Government respectfully submits that, for purposes of case management, the Court could schedule a status conference in approximately two months, at which point the Government expects any superseding indictment to have been filed. Furthermore, and in light of the Court's stated preference to limit each trial to approximately five defendants, *cf. United States* v. *Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989), the Government respectfully submits that the Court could set two or three trial dates at times convenient for the Court and defense counsel, at which some of the defendants who face no new charges may be tried in sets of approximately five defendants. To the extent the Government knows that a particular defendant will not face additional charges before the superseding indictment is filed, the Government will communicate that fact to the respective defendant's counsel.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____/s/_____
Samson Enzer
James McDonald
Dina McLeod
Assistant United States Attorney
(212) 637-2342 / -2405 / -1040

CC: All defense counsel of record (by e-mail and ECF)

---

[1] Ms. Greenwood has informed the Government that she is considering employing third party vendors to assist defense counsel in reviewing discovery, and that she believes those third party vendors cannot be retained until this Court endorses the proposed protective order to which all defense counsel have agreed. The Government expects to submit the protective order to the Court for endorsement by the end of the week.