USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JONATHAN RODRIGUEZ, *et al.*

Defendants.

**Protective Order**

S2 15 Cr. 445 (PAE)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government believes that its disclosure may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities not named as parties in this case; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could

lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendants, defense counsel, or the court-appointed Coordinating Discovery Attorney ("CDA"), including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) all personnel employed or retained by defense counsel;

(b) independent expert witnesses or advisors retained, pursuant to a written retainer agreement, by the defendant and/or his counsel in connection with the criminal case;

(c) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation;

(d) the court-appointed Coordinating Defense Attorney ("CDA"), her staff, and any third party vendors she retains; and

2

(e) such other persons as hereafter may be authorized by the Government or by order issued by any Court. Confidential information may not be given to or remain in the custody of prospective witnesses.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, such as ESI seized from various cell phones.

10. The Government is authorized to disclose to the CDA and counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The CDA, defendants,

their defense counsel, and personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Return or Destruction of Material

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney

by: _____        Date: 5/6/16
Samson Enzer
James McDonald
Dina McLeod
Assistant United States Attorneys


_____        Date: 5/5/16
Counsel for defendant Jason Benjamin


_____        Date: _____
Counsel for defendant Jordan Rivera


_____        Date: 5/5/16
Counsel for defendant William Amarizan

_____        Date: 5/5/16
Counsel for defendant Raheem Amarizan

5

_____   Date: 5/5/16
Counsel for defendant Tjon Macoll

_____   Date: 5/6/16
Counsel for defendant Jonathan Harris

_____   Date: 5/5/16
Counsel for defendant William Knox

_____   Date: 5/8/16
Counsel for defendant Corey Cooks

_____   Date: 5/5/16
Counsel for defendant Daquan McBeth

_____   Date: 5/5/16
Counsel for defendant Jahnomi Benjamin

_____   Date: _____
Counsel for defendant Keith Ruiz

_____   Date: 5/5/16
Counsel for defendant Miguel Romero

_____   Date: _____
Counsel for defendant Kaye Rosado

_____   Date: 5/5/16
Counsel for defendant Andrew Echevarria

_____   Date: 5/5/16
Counsel for defendant Naquann Simmons

6

_____          Date: 5/5/16
Counsel for defendant Diquinn Lacend

_____          Date: 5/5/16
Counsel for defendant Wilfredo Rivera

_____          Date: 5/5/16
Counsel for defendant Kenneth Jenkins

_____          Date: 5/5/16
Counsel for defendant Vincent Fielder

_____          Date: 5/5/16
Counsel for defendant Mia Dentico

_____          Date: 5/5/16
Counsel for defendant Pamela Brown

_____          Date: 5/5/16
Counsel for defendant Marquis Wright

_____          Date: 5/5/16
Counsel for defendant Wali Burgos

_____          Date: 5/5/16
Counsel for defendant Jonathan Rodriguez

_____          Date: 5/5/2016
Counsel for defendant Corey Heyward

7

_____  
Counsel for defendant Ryan Valentine

_____  
Coordinating Discovery Attorney

Date: _____

Date: _____5/5/16_____

SO ORDERED:

Dated: New York, New York  
     May 9, 2016

*Paul A. Engelmayer*  
HONORABLE PAUL A. ENGELMAYER  
UNITED STATES DISTRICT JUDGE

8