USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2016

LAW OFFICE OF
JESSE M. SIEGEL
The Woolworth Building
233 Broadway, Suite 707
New York, New York 10279

(Tel) 212-207-9009
(Fax) 212-732-1339

JesseMSiegel@aol.com

May 24, 2016

**BY ECF AND EMAIL:** EngelmayerNYSDChambers@nysd.uscourts.gov

Hon. Paul A. Engelmayer, District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *United States v. Jonathan Rodriguez, et al*, S2 15 Cr. 445 (PAE).

Dear Judge Engelmayer:

      We represent Wilfredo Rivera, a defendant in the above action. We write on behalf of all defense counsel to inform the Court about discovery and other developments subsequent to the May 5, 2016, status conference, which impair the ability of defense counsel to be ready to begin trial on October 24, 2016, the date scheduled by the Court at the conference. In light of these developments, we respectfully request the Court re-consider its decision to begin trial on that date and instead schedule trial of the "Group A" defendants to begin January, 2017. We have spoken with A.U.S.A. James McDonald, who informs us the government takes no position with regard to our request to adjourn the trial and is ready to try the case on a date convenient to the Court and parties.

      At the conference, the government said it would try to inform counsel as soon as possible which clients would be in Group A and which clients would face additional charges and face trial in 2017 ("Group B"). The Court said this would allow counsel with clients in Group A to begin trial preparation and be ready for trial in October. A schedule was set whereby the government would inform defense counsel by letter who it expected to be in Group A, with letters due on May 13th, June 10th, and June 24th. As the Court is aware, in its letter of May 13th, the government was unable to provide any information regarding which clients would be in Group

Hon. Paul A. Engelmayer
May 24, 2016
Page 2

A, and no counsel have received such notice since that date.

Also at the May 5th conference, the government described the additional discovery it expected to produce. However, the additional discovery has proven to be far more voluminous than anticipated. Whereas it was expected that the additional discovery would fit on 1-2 DVDs, the government provided the new discovery to the Coordinating Discovery Attorney ("CDA"), Emma Greenwood, on one DVD[1] and one 90 GB flash drive. The single disk contains about 1 GB of data, and includes data extracted from seized cellphones, incident and lab reports, YouTube videos, etc.

The 90 GB flash drive, however, contains about ninety times as much data, including additional data from two cellphones. According to Ms. Greenwood, such data is complex to review. The flash drive also includes data that cannot be accessed unless it is hosted on an online database, and other data that may be more easily reviewed if loaded onto an online platform. Additional time is necessary to assess the need for an online hosting platform, to explore suitable vendors, and to contemplate and negotiate associated costs. If it would be useful, Ms. Greenwood would be happy to provide the Court with more information about the unanticipated volume and nature of the new discovery.

However, it can be noted that, before the new production, there was approximately 140 GB of discovery provided, *not including* pole camera footage. With the new discovery, there is now about 230 GB of non-pole camera discovery- an increase of almost two thirds in the overall volume of discovery[2]. In addition, defense counsel were notified on May 20, 2016 of an additional global discovery production that will soon be provided to Ms. Greenwood, and there are at least a few additional cellphones that were seized but have not been searched yet. If they are searched, they will yield additional discovery.

The Court should also consider that there is a necessary lag between the time discovery is produced to the CDA and when it is provided to defense counsel and our clients. While most of our clients were arrested and arraigned in December, 2015, and the first phase of discovery was provided to the CDA in mid-January, it necessarily took time for the material to be processed and duplicated, and defense counsel did not receive it until the first week of February. The

---

[1] The capacity of a standard DVD is approximately 4.7 GB.

[2] The government informs us they believe this overstates the amount of new discovery, as the flash drive contains about 89 GB of data from two cell phones, and much of this is raw and duplicative data. They state the provided extraction reports, typically produced as Rule 16 discovery from cellphone searches, comprise only about 17 GB of 89 GB on the flash drive. Ms. Greenwood advises, however, that extraction reports may reference only portions of the raw data, and that analysis of the raw data may well reveal additional material that defense counsel will want and need to review. But even using the government's analysis, what has been produced is still far more additional discovery than was anticipated when the October 24th trial date was set.

Hon. Paul A. Engelmayer
May 24, 2016
Page 3

second phase was provided to defense counsel on or around February 25, 2016. Thus, while it was noted at the conference that the case had begun in December, as of May 5th, defense counsel had only had the initial discovery productions, which include about 160,000 pages of documents, for about two and one half to three months. Further, duplication of Phase III, which includes the aforementioned 90 GB of data, has taken significant time to complete, according to Ms. Greenwood. Cellphone data often take time to transfer; the provided data require between 10-15 hours of duplicator machine time to transfer onto each flash drive copy for counsel. Flash drives that include Phase III are being distributed to counsel this week.

Moreover, in order to provide our clients with a meaningful opportunity to review the discovery, to supplement the very limited time available for review of the hard drives containing global discovery in the facility law libraries, the CDA has divided it up in smaller segments and provided individual sets of the global discovery to them on disks. This took additional time, and our clients had the discovery for far less than three months as of the May 5th conference. The same will undoubtedly be true of the new discovery. Indeed, due to the file formats and volume, it is likely that some of the new discovery cannot be provided on disks and that counsel will need additional time to review the material on hard drives with their clients in the jails. Also, as counsel mentioned at the May 5th conference, and as the Court was undoubtedly already aware, our clients' access to the discovery is limited by institutional policies and by overcrowding and the consequent demand for review time, which exceeds the supply of available computer equipment.

Finally, the government has agreed to assist counsel in the daunting task of reviewing the pole camera footage by identifying footage showing our respective clients when they are able to do so, and we appreciate this. However, the assistance the government can provide only goes so far. If counsel decides that the *absence* of video showing his/her client is relevant, the pole camera footage will still need to be reviewed in its entirety. The Court should be aware that there is pole camera footage for 109 dates, and many of the dates include video lengths approaching or at 24 hours.

For these reasons, on behalf of all defense counsel, we ask that the Court re-schedule the trial for Group A defendants to begin in January, 2017.

Thank you for your attention.    Respectfully submitted,

/s/

Jesse M. Siegel    5/25/2016

The Court appreciates counsel's thoughtful and helpful letter. For the time being, the Group A trial date remains as set, and counsel should not assume it will be changed. The Court will be prepared to take up the trial date with counsel at the July 14, 2016 conference involving the Group A defendants, at which point the identity of these defendants will be known, and the relevance to those defendants of the concerns Mr. Siegel has raised is likely to be more clear. The Court expects the Government to comply with its obligation to notify the defense, by letter due June 10, 2016, as to the likely Group A defendants.    SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge