```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/7/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                -v-                                         :       15 Cr. 445 (PAE)
                                                            :
ANDREW ECHEVARRIA et al,                                    :       ORDER
                                                            :
                        Defendant.                          :
                                                            :
------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

This order resolves parallel motions by various defendants in this case (*see* Dkts. 241, 242, 245, 246, 248, 250, 251, 252, 253, 254, 255, 256, 257 and 258) to quash grand jury subpoenas issued on June 24, 2016. In each such subpoena, the Government seeks, on Friday, July 8, 2016, to "inspect and photograph any tattoos on [the defendant's] face, arms, torso and lower legs." The Court has carefully reviewed the defense's submissions as well as the Government's response (Dkt. 259).

For the reasons articulated by Judge Pauley in *United States v. Meregildo*, 876 F. Supp. 2d 445 (S.D.N.Y. 2012), the Court is persuaded that the inspection and photography that the subpoenas here seek to undertake are searches within the meaning of the Fourth Amendment, and that the standard required to justify such searches is reasonableness, as opposed to probable cause. *Id.* at 451.

For the reasons articulated in the Government's letter, the Court also finds the inspection and photography contemplated by the Government reasonable. First, the evidence sought is likely to be probative. Membership in the 18 Park gang is a central issue in this case. The existing indictment brings racketeering charges based on alleged criminal acts having been

committed in connection with the 18 Park gang, which is identified as the racketeering enterprise. The grand jury is continuing to investigate crimes that may have committed in connection with, or to further the aims of, this gang. In a previous case with which this Court is familiar, including based on having presided over two lengthy trials, *see, e.g., United States v. Sierra et al.*, S5 Cr, 1032 (PAE), tattoos were a common method by which gang members signified their membership. Consistent with this, the Government represents that evidence it has obtained in this case reveals that some members of the 18 Park gang have tattoos on their bodies that signify their membership in the gang. The inspection contemplated by the subpoenas therefore has significant potential to yield probative evidence as to whether the individual in question was a gang member. Second, the Government has also committed to carry out the searches subject to various limitations that make the manner of the search reasonable, including that the inspection and photography occur in a private room and, if requested, with defense counsel present. *See Meregildo*, 876 F. Supp. 2d at 451. Finally, to the extent the defense challenges the inspection as a violation of the Fifth Amendment, that challenge fails, because the inspection and photographing process is not testimonial and does not implicate defendants' Fifth Amendment rights.

The Court, accordingly, denies the motion to quash. Pursuant to the Court's order of June 30, 2016 (Dkt. 244), the searches are to take place on the date and time noticed on the subpoenas. The Clerk of Court is directed to terminate the motions at Dkts. 241, 242, 245, 246, 248, 250, 251, 252, 253, 254, 255, 256, 257 and 258.

The Court is, finally, mindful that while the subpoenas were issued within the deadline (July 8, 2016) set by the Court for a superseding indictment, the grand jury yesterday returned such an indictment, before the Court could resolve the pending motions to quash. Conferences

in this case are presently scheduled for Thursday, July 14, 2016. For good cause, and for the limited purpose of permitting the Government to take into account—and potentially pursue new charges based on—the evidence that tomorrow's inspection and photograph may yield, the Court will extend, until Wednesday, July 13, 2016, the deadline by which the Government may seek a superseding indictment in this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 7, 2016
      New York, New York