

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 13, 2016

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Jonathan Rodriguez, et al.*, S4 15 Cr. 445 (PAE)

Dear Judge Engelmayer:

      The Government respectfully writes, at the Court's direction, regarding the schedule in this case. In its July 8, 2016 Order, the Court requested that the Government file a letter identifying the "Group A" defendants (those as to whom no new charges have been brought) and the "Group B" defendants (all others), as well as the counsel for each defendant. In addition, the Court requested that, with respect to the Group A defendants, the Government provide its present best estimate as to the length and likelihood of trial, the anticipated focus of such a trial, and whether Group A defendants are properly sorted into smaller groups for trial. With respect to the Group B defendants, the Court requested the Government provide a proposed schedule through and including the start of trial, including whether the Group B defendants are properly sorted into smaller groups for trial, the anticipated focus of the Group B trial(s), and which defendants, if any, will be subject to capital review and the anticipated length of such review.

    **I.**   **Summary of Additional Charges in the Superseding Indictment**

      By way of background, on July 6, 2016, a Grand Jury in this District returned a thirteen-count superseding indictment, S4 15 Cr. 445 (PAE) (the "S4 Indictment"), charging twenty five defendants with racketeering and related offenses.[1] The S4 Indictment added the following additional overt acts and charges against the defendants:

---

[1] WALI BURGOS, a/k/a "Guy Fisher," who was named as a defendant in S2 15 Cr. 445 (PAE), is the sole defendant previously named not included in the S4 Indictment. On May 26, 2016, BURGOS pleaded guilty to participating in a racketeering conspiracy, which included his participation in the murder of Johnny Moore on May 29, 2011, and an attempted murder on October 2, 2014.

1. Paragraph 7b: The S4 Indictment adds as an overt act to Count One that JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," and KEITH RUIZ, a/k/a "Keefy," and others participated in the murder of Brandon Howard on or about September 28, 2008.

2. Paragraph 7e: The S4 Indictment adds as an overt act to Count One that MARQUIS WRIGHT, a/k/a "Mark," participated in the murder of Johhny Moore on or about May 29, 2011.

3. Paragraph 7g: The S4 Indictment adds as an overt act to Count One that, in or about 2012, JONATHAN HARRIS, a/k/a "Eggy," disguised himself as a woman and shot multiple times at a member of a rival gang.

4. Paragraph 7h: The S4 Indictment adds as an overt act to Count One that, on or about July 20, 2012, JONATHAN RODRIGUEZ, a/k/a "Bebo," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," COREY HEYWARD, and JONATHAN HARRIS, a/k/a "Eggy," and others assaulted and stabbed multiple times a member of a rival gang.

5. Paragraph 7m: The S4 Indictment adds as an overt act to Count One that, in or about September 2013, DIQUINN LACEND, a/k/a "Naughty," at the direction of JONATHAN RODRIGUEZ, a/k/a "Bebo," shot at at least one rival gang member.

6. Paragraph 7o: The S4 Indictment adds as an overt act to Count One that, on or about December 11, 2013, DIQUINN LACEND, a/k/a Naughty," possessed a firearm.

7. Paragraph 7r: The S4 Indictment adds as an overt act to Count One that, on or about June 7, 2014, JONATHAN HARRIS, a/k/a "Eggy," fired multiple gunshots, one of which hit a rival gang member and one of which hit the hat of an New York City Police Department ("NYPD") officer.

8. Paragraph 7s: The S4 Indictment adds as an overt act to Count One that, on or about July 19, 2014, JORDAN RIVERA possessed a firearm.

9. Paragraph 7aa: The S4 Indictment adds as an overt act to Count One that, on or about September 9, 2015, in the vicinity of Norfolk, New York, JONATHAN HARRIS, a/k/a "Eggy," possessed (i) approximately 110 grams of cocaine, (ii) approximately one gram of heroin; (iii) quantities of marijuana; (iv) approximately $11,351 in United States currency, among other contraband.

10. Paragraph 7bb: The S4 Indictment adds as an overt act to Count One that, on or about September 17, 2015, in the vicinity of Tupper Lake, New York, JONATHAN HARRIS, a/k/a "Eggy," was found in possession of approximately $9,530 in United States currency.

11. Paragraph 7cc:  The S4 Indictment adds as an overt act to Count One that, from at least in or about December 2015 up to and including June 2016, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," KENNETH JENKINS, and others known and unknown, unlawfully possessed and distributed smokeable synthetic cannabinoids and other contraband while incarcerated within the Metropolitan Correctional Center in New York, New York.

12. Count Two:  The S4 Indictment adds as Count Two that, on or about September 28, 2008, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," and KEITH RUIZ, a/k/a "Keefy," and others murdered Brandon Howard in aid of racketeering.

13. Count Five:  The S4 Indictment adds as Count Five that, on or about September 24, 2013, TJON MACOLL, a/k/ "TJ," committed assault and attempted murder in aid of racketeering, to wit, MACOLL shot at members and associates of a rival gang.

14. Count Six:  The S4 Indictment adds as Count Six that, on or about July 7, 2014, JONATHAN HARRIS, a/k/a "Eggy," and others committed assault and attempted murder in aid of racketeering, to wit, HARRIS shot at members of a rival gang by firing multiple gunshots, one of which hit a rival gang member and one of which hit the hat of an New York City Police Department ("NYPD") officer.

15. Count Eight:  The S4 Indictment adds as Count Eight that, on or about April 15, 2015, WILFREDO RIVERA, a/k/a "Cito," and others known and unknown, committed assault and attempted murder in aid of racketeering, to wit, RIVERA stabbed an associate of a rival gang.

16. Count Nine:  The S4 Indictment adds as Count Nine that, on or about July 29, 2015, TJON MACOLL, a/k/a "TJ," and others committed assault and attempted murder in aid of racketeering, to wit, MACOLL aided and abetted a co-conspirator, who shot at members of a rival gang.

17. Count Ten: The S4 Indictment adds to Count Ten (the narcotics conspiracy) that:  (i) the conspiracy involved one kilogram and more of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (the previously operative version of the indictment had charged that the conspiracy involved one hundred kilograms and more of heroin); and (ii) the conspiracy involved a quantity of mixtures and substances containing a detectable amount of smokeable synthetic cannabinoids, in violation of Title 21, United States Code, Section 841(b)(1)(C) (the previously operative version of the indictment had not charged the conspiracy with this substance).

18. Count Eleven:  The S4 Indictment charges JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," and KEITH RUIZ, a/k/a "Keefy," with violating Title 18, Section 924(j)(1), in connection with the murder of Brandon Howard on or about September 28, 2008.

19. Count Twelve:  The S4 Indictment charges MARQUIS WRIGHT, a/k/a "Mark," and KEITH RUIZ, a/k/a "Keefy," with violating Title 18, Section 924(j)(1), in connection with the murder of Johnny Moore on or about May 29, 2011.

20. Special Findings:  The S4 Indictment includes special findings regarding capital eligibility as to JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," and KEITH RUIZ, a/k/a "Keefy," in connection with the murder of Brandon Howard on or about September 28, 2008.[2]

21. Special Findings:  The S4 Indictment includes special findings regarding capital eligibility as to MARQUIS WRIGHT, a/k/a "Mark," and KEITH RUIZ, a/k/a "Keefy," in connection with the murder of Johnny Moore on or about May 29, 2011.

22. Date Range:  The S4 Indictment extends the time period of the racketeering conspiracy (Count One) and the narcotics conspiracy (Count Ten) through June 2016.  (The previously operative indictment identified both conspiracies as running through December 2015.)

## II. Trial Groups and Expected Length of Trials

**Group A Defendants**.  Group A comprises 16 defendants as to whom no additional charges were brought in the S4 indictment.  Those defendants (and respective counsel) are:

| | |
|---|---|
| JORDAN RIVERA | (John A. Diaz, Esq.) |
| WILLIAM AMARIZAN | (Susan K. Marcus, Esq.) |
| RAHEEM AMARIZAN | (John M. Burke, Esq.) |
| COREY HEYWARD | (Ezra Spilke, Esq.) |
| WILLIAM KNOX | (Sanford N. Talkin, Esq.) |
| COREY COOKS | (Kelley J. Sharkey, Esq.) |
| JAHNOMI BENJAMIN | (Daniel S. Parker, Esq.) |
| MIGUEL ROMERO | (Guy Oksenhendler, Esq.) |
| KAYE ROSADO | (Scott B. Tulman, Esq.) |
| ANDREW ECHEVARRIA | (Gerald J. DiChiara, Esq.) |
| NAQUANN SIMMONS | (Stephanie M. Carvlin, Esq.) |
| DIQUINN LACEND | (A. James Bell, Esq.) |
| KENNETH JENKINS | (Dawn M. Cardi, Esq.) |
| VINCENT FIELDER | (Ira D. London, Esq.) |
| MIA DENTICO | (John C. Meringolo, Esq.) |
| PAMELA BROWN | (Aaron M. Goldsmith, Esq.) |

As to these "Group A" defendants, the Government has not added additional substantive charges in the S4 indictment.  As detailed above, for JORDAN RIVERA, WILLIAM AMARI-

---

[2] DAQUAN MCBETH, a/k/a "Day Day," was a juvenile at the time of the murder, and therefore is not capital eligible.

ZAN, COREY HEYWARD, KENNETH JENKINS, and DIQUINN LACEND, the S4 Indictment adds one additional overt act as to each, but no additional substantive charges.

Although the Government's case at any trial would depend on the number of (and which) Group A defendants elected to proceed to trial, the Government expects that the trial would largely focus on the violent incidents detailed in the Indictment, either as overt acts in connection with the racketeering conspiracy, or as violent acts committed in aid of racketeering listed in separate counts, as well as on the narcotics conspiracy and firearms charges relevant to each defendant who proceeds to trial. The Government's present best estimate is that the trial of Group A defendants would last approximately four to six weeks.

The Government is currently in the process of developing plea offers for the Group A defendants; the Government intends to extend those offers in the coming weeks, which offers will remain open for two weeks. The Government expects to be in a position to provide the Court with the Government's view regarding whether the Group A defendants should be divided into smaller groups for trial by August 15, 2016.

**Group B Defendants.** Group B comprises eight defendants as to whom additional charges were filed in the S4 indictment. Those defendants (and respective counsel) are:

| | |
|---|---|
| JONATHAN RODRIGUEZ | (Joyce C. London, Esq.) |
| MARQUIS WRIGHT | (James M. Roth, Esq.) |
| JASON BENJAMIN | (Louis V. Fasulo, Esq.) |
| TJON MACOLL | (Michael H. Sporn, Esq.) |
| JONATHAN HARRIS | (Joshua L. Dratel, Esq.) |
| DAQUAN MCBETH | (Kafahni Nkrumah, Esq.) |
| KEITH RUIZ | (Lee A. Ginsberg, Esq.) |
| WILFREDO RIVERA | (Jesse Siegel, Esq.) |

As to these "Group B" defendants, the Government has added additional substantive charges in the S4 indictment, as detailed above. Just as with the Group A defendants, the Government's case at any trial of the Group B defendants would depend on the number of (and which) Group B defendants elected to proceed to trial. The Government anticipates that any such trial would focus on the violent incidents detailed in the Indictment, either as overt acts in connection with the racketeering conspiracy, or as violent acts committed in aid of racketeering listed in separate counts (including the murders of Brandon Howard and Johnny Moore), as well as on the narcotics conspiracy and firearms charges relevant to each defendant who proceeds to trial. The Government's best current estimate is that the trial of the Group B defendants would last approximately six to eight weeks.

In terms of the schedule for the Group B defendants going forward, the Government expects to produce an additional phase of Rule 16 discovery pertaining to the additional incidents identified in the S4 Indictment as expeditiously as possible (the Government anticipates by July 29, 2016, if not before). The Government does not expect this next phase of discovery to be voluminous. In fact, many of the new charges contained in the S4 Indictment relate to incidents that were included in the previously operative indictment as overt acts for which the Rule 16 dis-

covery in the possession, custody, and control of the Government has already been produce. (See, for example, Counts Five, Eight, and Nine.)

The following Group B defendants' cases are subject to review by the Capital Case Unit of the Department of Justice: JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," and KEITH RUIZ, a/k/a "Keefy." Although DAQUAN MCBETH, a/k/a "Day Day," was charged with participating in the murder of Brandon Howard, which is a capital-eligible offense, MCBETH was a juvenile at the time, which makes him ineligible for the death penalty. As for RUIZ, the Government has submitted its recommendation to the Department of Justice, and is awaiting the Attorney General's decision. As for RODRIGUEZ, WRIGHT, and BENJAMIN, the Government is currently working to reach, but has not yet has not yet reached, a recommendation regarding whether the death penalty would appropriate in each respective case. The Government expects to issue its recommendation to the Department of Justice in the coming weeks. Although the Government cannot predict with certainty the length of time the Department of Justice will need to review the Government's capital case submissions, the Government's best present estimate is that the Department's review would be complete by early 2017.

Finally, in terms of potential trial dates for the Group B defendants, the Government is prepared to proceed on any schedule convenient for the Court and the defendants. Nevertheless, for the reasons explained below, the Government respectfully submits that a trial date for the Group B defendants during or after July 2017 would be appropriate.[3]

First, the Government respectfully submits that any trial date for Group B defendants should be set to permit adequate time for the Department of Justice to complete its capital case reviews as to RODRIGUEZ, WRIGHT, BENJAMIN, and RUIZ, and for the respective defendants to provide their own submissions to the Department of Justice, if warranted. The Government believes that a trial date during or after July would accomplish this goal.

Second, as the Government has explained during status conferences in this case, thirty-two members of the Young Gunnaz, or YGz Gang (the "YGz")—a rival of 18 Park—have been indicted on racketeering and other offenses in a case currently proceeding before the Honorable Valerie E. Caproni under the caption *United States* v. *Matthews, et al.*, 15 Cr. 537 (VEC). The initial racketeering indictments in *Matthews* and in this case were unsealed on the same day, and the initial arrests were made as part of a coordinated takedown of the two rival gangs. On June 30, 2016, Judge Caproni set two trial dates in that case—one to begin on January 17, 2017, and one to begin on May 1, 2017—both of which the Government expects to last between six and eight weeks. The Government expects that there will be substantial overlap between any trial in *Matthews* and any trial (whether involving Group A or Group B defendants) in this case. That overlap arises, in part, from the fact that the Government would prove many of the same incidents during any trial in *Mathews* and any trial in this case—either because members of both 18

---

[3] To the extent the Court and/or defense counsel for the non-murder defendants in Group B—*i.e.*, TJON MACOLL, JONATHAN HARRIS, and WILFREDO RIVERA—would like to schedule a trial date for those defendants before July 2017, the Government would be amenable to including them in the trial date(s) set for the Group A defendants.

Park and the YGz Gangs were involved in a particular incident, or because a violent act committed by one of the gangs led to retaliation by the other—and thus the Government would admit evidence regarding the initial violent act to demonstrate the racketeering connection to the retaliatory act. The Government thus expects to present testimony from many of the same lay witnesses, law enforcement witnesses, and cooperating witnesses in any trial in each of the two cases. Accordingly, to the extent practicable, the Government respectfully requests that the Court schedule a trial date for the Group B defendants during or after July 2017.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
James McDonald
Samson Enzer
Andrew Adams
Dina McLeod
Assistant United States Attorneys
Tel. (212) 637-2405

cc: All defense counsel (by ECF)