UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                     :

UNITED STATES OF AMERICA           :

                                     :

                -v-                  :           S4 15 Cr. 445 (PAE)

                                     :

RAHEEM AMARIZAN,            :
   a/k/a "Rah Rah,"             :
COREY HEYWARD,               :
MIGUEL ROMERO,              :
   a/k/a "Mikey,"               :
KAYE ROSADO,                 :
   a/k/a "Trippa,"              :

                                     :

                                     :

                        Defendants.     :

                                     :

------------------------------------------------------------------------X

## THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

James McDonald
Max Nicholas
Assistant United States Attorneys
   *- Of Counsel -*

## I.      <u>INTRODUCTION</u>

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.  The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

## II.     <u>SUMMARY OF THE CASE</u>

This is a criminal case.  The defendants, Raheem Amarizan, Corey Heyward, Miguel Romero, and Kaye Rosado, have been charged with the commission of certain federal crimes in an Indictment filed by a grand jury sitting in this District.

The Indictment is not evidence itself.  It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.  The Indictment contains three counts.

Count One charges that from at least in or about 2006, up to and including in or about 2016, Raheem Amarizan, Corey Heyward, Miguel Romero, and Kaye Rosado, together and with others, conducted and participated in the affairs of a racketeering enterprise through a series of specific criminal acts alleged to constitute a pattern of racketeering activity.

The Indictment refers to the racketeering enterprise as the 18 Park Gang, or 18 Park.  The racketeering enterprise is also sometimes called "Young Money."  The enterprise is

alleged to have been an association of individuals that existed for several purposes, including the following: (a) enriching its members and associates through, among other things, the distribution of illegal narcotics, including "crack" cocaine, heroin, powder cocaine, and marijuana; preserving and protecting the power of the enterprise and its members and associates through the use of murder, attempted murder, other acts of violence, and threats of violence; and (c) promoting and enhancing the enterprise and the activities of its members and associates.  The enterprise is alleged to have operated primarily in the Bronx.

The crimes alleged to constitute the pattern of racketeering acts include acts involving murder (that is, conspiracy to commit murder, attempted murder, and murder) and acts involving the distribution, or possession with intent to distribute, illegal drugs.

Count Ten charges Raheem Amarizan, Corey Heyward, and Kaye Rosado with conspiring to distribute, and possess with intent to distribute, illegal narcotics, including "crack" cocaine, heroin, powder cocaine, and marijuana, between in or about 2006, up to and including in or about 2016.

Count Thirteen charges that, from at least in or about 2011 through June 2016, in relation to the racketeering conspiracy charged in Count One, Raheem Amarizan, Corey Heyward, Miguel Romero, and Kaye Rosado used, carried, and possessed firearms, and aided and abetted the use, carrying, or possession of the firearms, which were brandished and discharged.

III.     **KNOWLEDGE OF THE TRIAL PARTICIPANTS**

1.     Do any of you have personal knowledge of the charges contained in the Indictment as I have described it?

2.     Have any of you heard, read, or seen anything that for any reason would

-3-

prevent you from rendering a fair and impartial judgment in this case?

3.     Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

4.     Have any of you formed an opinion that the actions charged in the Indictment, as I have described it to you, should not be crimes, or that the laws governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States government?

(a)     Does the fact that the charges involve allegations of acts involving murder affect your ability to render a fair verdict?

(b)     Does the fact that the charges involve a criminal organization alleged to be in the business of selling illegal drugs, including marijuana, make it difficult for any juror to render a fair verdict?  Does any juror feel that he or she could not decide fairly and impartially a case involving such charges?

(c)     Do any of you believe that the distribution and/or use of "crack" cocaine, heroin, powder cocaine, marijuana, or other drugs should not be illegal, or that the laws governing these crimes should not be enforced?  Is there anything about the nature of the charges that would cause you to be unable to render a fair and impartial verdict in this case?

(d)     Has any juror been involved in an offense involving any controlled substance?  Has any juror's relative, close friend or associate been involved in an offense involving a controlled substance?  Has any juror, or any member of the juror's family or any juror's close friend, had any experience of any kind, directly or indirectly, with a controlled substance?

-4-

(e)   Does any juror own a gun?  Has any juror received training in the use of firearms?

(f)   Does the fact that the charges involve the alleged illegal use of firearms affect your ability to render a fair verdict?  Do any of you have any opinion about the enforcement of the federal firearms laws that might prevent you from being fair and impartial in this case?

(g)   Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to drugs or firearms?  If so, when and in what way?

(h)   Does the fact that the charges involve a gang affect your ability to render a fair verdict?

## IV.   PARTIES AND COUNSEL

As I have stated, the defendants in this case are Raheem Amarizan, Corey Heyward, Miguel Romero, and Kaye Rosado.

Mr. Amarizan, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom.  Mr. Amarizan is represented at this trial by his attorney, John Burke, Esq.  Mr. Burke, please stand and face the jurors.

Mr. Heyward, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom.  Mr. Heyward is represented at this trial by his attorney, Peter Brill, Esq.  Mr. Brill, please stand and face the jurors.

Mr. Romero, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom.  Mr. Romero is represented at this trial by his attorney, Guy

5

Oksenhandler, Esq.  Mr. Oksenhandler, please stand and face the jurors.

Mr. Rosado, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom.  Mr. Rosado is represented at this trial by his attorney, Susan Topograph, Esq.  Ms. Tipograph, please stand and face the jurors.

This action is being prosecuted by the United States Attorney's Office for the Southern District of New York.  The United States Attorney for this District is Preet Bharara, who will be represented at this trial by Assistant United States Attorneys James McDonald and Max Nicholas.  They will be assisted by Special Agent Candice Henry of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the "ATF," and Darci Brady, a paralegal specialist in the U.S. Attorney's Office.  At times, the Government may also be assisted by law enforcement agents with the Drug Enforcement Administration, also known as the "DEA," and the New York City Police Department, also known as the "NYPD."  Please stand and face the jurors.

5.       Do any of you know the defendants – Raheem Amarizan, Corey Heyward, Miguel Romero, and Kaye Rosado – or any of the other individuals I have just identified?

6.       Have any of you, or, to your knowledge, any member of your family or any close friend, had any personal or business dealings, directly or indirectly, with any of these individuals, including the defendants?

7.       Do any of you know, or have any of you or your relatives or close friends had any association or business dealings with, any member of the staff of the defendant's attorney, the United States Attorney's Office for the Southern District of New York, the ATF, the DEA, or the NYPD?

## V.       **WITNESSES**

8.       I will now read the names of potential witnesses in this case as well as other individuals and entities whose names may be mentioned during the trial:

[A list will be provided to the Court prior to jury selection.]

Do any of you know, or have any of you or your family members or close friends had any dealings with, directly or indirectly, any of these individuals?

9.       If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

## VI.      **LOCATIONS**

10.       Some of the evidence in the case will concern the following locations:

[A list will be provided to the Court prior to jury selection.]

Are any of you familiar with these locations?  If so, how?

11.       Is there anything about your familiarity with or knowledge of these locations that could affect your ability to be fair and impartial in this case?

## VII.     **QUESTIONS SPECIFIC TO THE CASE**

12.       Have any of you, or your family members or close friends, ever worked for any law enforcement agency or prosecutor's office?  If so, please describe.

13.       Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

14.       Would any of you be more inclined or less inclined to believe a witness solely because the witness was a police officer or other law enforcement officer?

7

15.     Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally? Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

16.     Some of the evidence in this trial was obtained through searches conducted by law enforcement officers and wiretaps.  I instruct you that none of these techniques in this case violated the defendants' rights.  It is proper for this to be introduced at trial for your consideration.  Do any of you have any feelings or opinions about the use of evidence obtained in law enforcement searches or wiretaps that could affect your ability to be fair in this case?

17.     You may hear testimony in this case from one or more cooperating witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to crimes and are testifying on behalf of the Government in the hope of receiving a lower sentence.  I instruct you that the use of cooperating witnesses is perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness?  Would you have any bias for or against the Government because of evidence obtained in this manner?

18.     The defendants are charged with acting with others in the commission of the charged crimes.  Not all of those individuals are on trial here.  You may not draw any inference, favorable or unfavorable, toward the government or the defendants from that fact. You also may not speculate as to the reason why other persons are not on trial.  Is there anyone

who cannot follow this instruction or who for this reason could have difficulty rendering a fair and impartial verdict?

## VIII.   **MEDIA COVERAGE**

19.   Have any of you read or seen anything – in the newspaper, on a blog, or on TV – about this case?

20.  Not that I expect this trial to generate media attention – in fact, I don't – but just to be clear, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case – including coverage of the case in social media like Facebook, Twitter, texts and blogs – until after this case is over?  If not, please raise your hand.

## IX.   **VICTIM OF A CRIME**

21.   Have you, or any family member or close friend, ever been the victim of a crime?  If any of you feel uncomfortable answering this question in open court, please say so.

(a)   If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.

22.   Is there anything about that experience that could affect your ability to be fair and impartial in this case?

## X.   **PRIOR JURY SERVICE**

23.   Have any of you ever sat as a juror before in any type of case?

24.   If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

25.     Have any of you served as a grand juror?

26.     If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

27.     For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

## XI.     PRIOR EXPERIENCE WITH COURT SYSTEM

28.     Have you, or any member of your family or any close friends, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so, what kind of case?  And, what was your role in that case?  Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

30.     Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  Again, if you would prefer not to give your answer in open court, please say so.

31.     Have you, or a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

32.     Have you, or a relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you

10

from acting as a fair and impartial juror in this case?

33.     Have you, or a relative or a close friend, ever been questioned in any matter by the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the DEA, the ATF or the NYPD?

34.     Have you, or a relative or a close friend, individually or in the course of business, ever been a party to any legal action or dispute with the United States or any officers, departments, agencies, or employees of the United States, including the Internal Revenue Service, or had any interest in any such legal action or its outcome?  More specifically, have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

35.     Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the DEA, the ATF or the NYPD?

36.     Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race or national origin that may inhibit your ability to be a fair and impartial juror in this case?

## XII.     <u>TRIAL ADMINISTRATION</u>

37.     I expect this trial to take approximately two to four weeks.  We will not be sitting on [INSERT DAYS] or any [Friday] unless you are deliberating.  Do any of you have any physical or personal problems that would prevent you from serving in this case for this length of time?

38.     Do any of you have any difficulty with your sight or hearing that could affect your ability to follow these proceedings?

39.     Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

40.     Do any of you have any difficulty understanding or reading the English language?

41.     Do any of you have any religious, moral, or ethical beliefs that would prevent you from passing judgment on another person or determining the credibility of any witness?

## XIII.   BASIC LEGAL PRINCIPLES

42.     Under the law, the facts are for the jury to decide and the law is for the Court.  The two areas are separate and distinct.  At the end of the case, I will instruct the jury on the law, and the jury is required to accept the law as I explain it.  If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law.  Does anyone believe that he or she would have any difficulty following this instruction?  If so, please raise your hand.

43.     A defendant in a criminal case has the right not to testify.  If the defendant does not testify, the jury may not draw any inference against the defendant based on his decision. The fact that a defendant chooses not to testify may not enter into the jury's deliberation at all.  If you have any difficulty accepting this legal principle, please raise your hand.

44.     Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in the indictment unless a jury, after having heard all of the

evidence in the case, unanimously decides that the evidence proves that defendant's guilt beyond a reasonable doubt.  Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

45.     In a criminal case the burden of proof remains with the prosecution.  For the jury to return a verdict of guilty against the defendant, the prosecution must prove beyond a reasonable doubt that the defendant is guilty.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

46.     I will also instruct the jury that as you consider whether the government has met its burden of proof, you must consider each count of the Indictment separately.  You may find the government has met its burden for one or more counts and not others.  Is there anyone who feels he or she cannot evaluate each count of the Indictment separately?

47.     Can everyone determine a defendant's guilt or innocence based solely on evidence presented with respect to each count?

48.     You are required by law to make your decision based solely on the evidence presented in Court, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

49.     Under the law, the question of punishment is for the Court alone – for me – to decide, and thus the issue of punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty as charged.  Are any of you unable to accept that proposition?  If so, please raise your hand.

50.     It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Do any of you feel that, even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict against the defendant for reasons unrelated to the law and the evidence?  Do any of you have any religious, philosophical, or other belief that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

51.     Do any of you believe that our system of criminal justice improperly favors either the prosecution or the defense?

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom – what we call a "sidebar" – or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

*[Discuss and resolve for-cause challenges at sidebar.]*

*[Replace struck jurors.  Ask replacement jurors if they have any affirmative answers to the questionnaire.  Resolve any additional for-cause challenges.]*

## XIV.   QUESTIONS FOR INDIVIDUAL JURORS

I'm now going to ask each of you a few questions designed to give the parties a better idea of you as a person.  Again, these questions are not designed to embarrass you or make you feel uncomfortable.  They are simply meant to give the parties a little more information about you.

14

52.     What is your county of residence?

[If the Bronx, please inquire as to the general neighborhood.]

53.     What is the highest level of schooling you have completed?

54.     What is your present employment?  How long have you held your current position?  If retired, what did you do before?

55.     Do you have a spouse or partner?  If so, how is he or she employed?

56.     Do you have any children?  How old are they?  If they are adults, how are they employed?

57.     Is there anyone else living in your household?  Who?  What do they do for a living?

58.     What type of magazines, newspapers, and books do you read on a regular basis?

59.     What television programs do you watch on a regular basis?

60.     Do you use online social networking sites, such as Facebook, Instagram, Twitter, Flickr, Pintrest, LinkedIn, or MySpace?  Will you be able to follow my instructions not to "post" or "message" or "chat" or communicate in any way on social networking sites about the case during your service as a juror?  Will you be able to follow my instructions not to do online research about the defendant, witnesses, or charges in this case?

61.     Do you belong to any associations or clubs or unions?

62.     What do you do in your spare time?

## XV.   <u>SUMMARY QUESTION</u>

As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror.  So let me ask you one final time, whether there is anything – whether I have asked specifically about it or not – that would affect your ability to render a fair and impartial verdict in this case?

Dated: New York, New York
        September 26, 2016

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:  _____/s/_____

James McDonald / Max Nicholas
Assistant United States Attorneys
Tel: (212) 637-2405 / -1565

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2016, the foregoing Requests for Voir Dire were filed and served on all counsel of record by ECF.


_____/s/_____
James McDonald
Assistant United States Attorney


Dated:  New York, New York
        September 26, 2016