UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - X
                    :

UNITED STATES OF AMERICA    :

                   :

     - v. -       :    SUPERSEDING INDICTMENT

                   :    S6 15 Cr. 445 (PAE)

JONATHAN RODRIGUEZ,    :
    a/k/a "Bebo,"     :
MARQUIS WRIGHT,       :
    a/k/a "Mark,"     :
JASON BENJAMIN,       :
    a/k/a "JC,"       :
WILLIAM AMARIZAN,     :
    a/k/a "Will Dollars," :
    a/k/a "Spanish Will," :
RAHEEM AMARIZAN,     :
    a/k/a "Rah Rah,"   :
TJON MACOLL,        :
    a/k/a "TJ,"      :
COREY HEYWARD,       :
JONATHAN HARRIS,     :
    a/k/a "Eggy,"    :
WILLIAM KNOX,        :
    a/k/a "Mills Gunna," :
COREY COOKS,        :
DAQUAN MCBETH,       :
    a/k/a "Day Day,"  :
JAHNOMI BENJAMIN,     :
    a/k/a "Jamroc,"   :
KEITH RUIZ,        :
    a/k/a "Keefy,    :
RYAN VALENTIN,      :
MIGUEL ROMERO,      :
    a/k/a "Mikey,"   :
KAYE ROSADO,       :
    a/k/a "Trippa,"   :
DIQUINN LACEND,     :
    a/k/a "Naughty,"  :
WILFREDO RIVERA,    :
    a/k/a "Cito,"    :
KENNETH JENKINS,    :

                   :

                   :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 8 2016

```
MIA DENTICO, and            :
PAMELA BROWN,               :
                           :
            Defendants.    :
                           :
- - - - - - - - - - - - - - - - X
```

## RACKETEERING VIOLATIONS

### COUNT ONE

**(Racketeering Conspiracy)**

The Grand Jury charges:

1.   At all times relevant to this Indictment, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," RAHEEM AMARIZAN, a/k/a "Rah Rah," TJON MACOLL, a/k/a "TJ," COREY HEYWARD, JONATHAN HARRIS, a/k/a "Eggy," WILLIAM KNOX, a/k/a "Mills Gunna," COREY COOKS, DAQUAN MCBETH, a/k/a "Day Day," JAHNOMI BENJAMIN, a/k/a "Jamroc," KEITH RUIZ, a/k/a "Keefy, RYAN VALENTIN, MIGUEL ROMERO, a/k/a "Mikey," KAYE ROSADO, a/k/a "Trippa," DIQUINN LACEND, a/k/a "Naughty," WILFREDO RIVERA, a/k/a "Cito," KENNETH JENKINS, MIA DENTICO, and PAMELA BROWN, the defendants, and others known and unknown, were members and associates of the 18 Park Gang ("18 Park," the "18 Park Gang," or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, acts involving murder, robbery, and narcotics trafficking. 18 Park operated principally in the Bronx, New York.

2

2.     18 Park, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. This Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## PURPOSES OF THE ENTERPRISE

3.     The purposes of the Enterprise included the following:

a.     Enriching the members and associates of the Enterprise through, among other things, robbery and the distribution of narcotics, including cocaine base in a form commonly known as "crack," heroin, cocaine, and marijuana.

b.     Preserving and protecting the power of the Enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

c.     Promoting and enhancing the Enterprise and the activities of its members and associates.

d.     The Enterprise operated within multiple public housing developments, including the Patterson Houses and the Mott Haven Houses, all located in the Bronx, New York.

3

## MEANS AND METHODS OF THE ENTERPRISE

4.     Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.     Members and associates of the Enterprise committed, conspired to commit, and attempted to commit, acts of violence, including murder, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs.

b.     Members and associates of the Enterprise used physical violence and threats of violence, including murder and attempted murder, against various people, including in particular rival gang members and rival narcotics traffickers.

c.     Members and associates of the Enterprise planned and committed robberies of individuals in and around the Bronx and New York, New York.

d.     Members and associates of the Enterprise sold narcotics, including cocaine base in a form commonly known as "crack," heroin, cocaine, and marijuana.

## THE RACKETEERING CONSPIRACY

5.     From at least in or about 2006, up to and including in or about June 2016, in the Southern District of New York and elsewhere, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN, a/k/a "Will

4

Dollars," a/k/a "Spanish Will," RAHEEM AMARIZAN, a/k/a "Rah Rah," TJON MACOLL, a/k/a "TJ," COREY HEYWARD, JONATHAN HARRIS, a/k/a "Eggy," WILLIAM KNOX, a/k/a "Mills Gunna," COREY COOKS, DAQUAN MCBETH, a/k/a "Day Day," JAHNOMI BENJAMIN, a/k/a "Jamroc," KEITH RUIZ, a/k/a "Keefy, RYAN VALENTIN, MIGUEL ROMERO, a/k/a "Mikey," KAYE ROSADO, a/k/a "Trippa," DIQUINN LACEND, a/k/a "Naughty," WILFREDO RIVERA, a/k/a "Cito," KENNETH JENKINS, MIA DENTICO, and PAMELA BROWN, the defendants, and others known and unknown, being persons employed by and associated with the racketeering Enterprise described above, namely, 18 Park, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of 18 Park through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving murder in violation of New York Penal Law, Sections 20.00, 125.25, and 125.27 (murder), New York Penal Law, Sections 20.00, 110.00, and 125.25 (attempted murder), New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder); multiple acts involving robbery in violation of New York Penal Law, Sections 20.00, 110.00, 160.05,

and 160.10 (robbery), New York Penal Law, Sections 20.00, 110.00, 160.05, and 160.10 (attempted robbery), and New York Penal Law, Sections 105.10, 160.05, and 160.10 (conspiracy to commit robbery); and multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, including 280 grams and more of cocaine base in a form commonly known as "crack," one kilogram and more of heroin, and quantities of cocaine, marijuana, and smokeable synthetic cannabinoids all in violation of the laws of the United States, specifically Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(1)(D), and 846, and Title 18, United States Code, Section 2.

6.    It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

## Overt Acts

7.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    In or about 2006, in the vicinity of East 138th Street and Third Avenue in the Bronx, New York, DAQUAN MCBETH, a/k/a "Day Day," the defendant, attempted to shoot at least one individual believed to be a resident of the Mitchell or Jackson

Housing Developments in the Bronx, New York ("Victim-1"), and, after the shooting, MARQUIS WRIGHT, a/k/a "Mark," the defendant, held the gun used in the shooting for MCBETH.

   b. On or about September 28, 2008, in the vicinity of 315 East 143rd Street in the Bronx, New York, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," and KEITH RUIZ, a/k/a "Keefy," the defendants, and others known and unknown, murdered and aided and abetted the murder of Brandon Howard, a member of a rival gang.

   c. On or about September 26, 2009, in the vicinity of East 146th Street and College Avenue in the Bronx, New York, JASON BENJAMIN, a/k/a "JC," the defendant, and a co-conspirator not named herein ("CC-1"), fired shots and shot and injured two innocent bystanders ("Victim-2" and "Victim-3").

   d. On or about August 31, 2010, in the vicinity of East 146th Street and Third Avenue in the Bronx, New York, RAHEEM AMARIZAN, a/k/a "Rah Rah," the defendant, shot and injured an associate of a rival gang ("Victim-4"). Before AMARIZAN shot Victim-4, DAQUAN MCBETH, a/k/a "Day Day," the defendant, alerted AMARIZAN that Victim-4 had arrived in the vicinity where the shooting took place, so that AMARIZAN could come to that location and commit the shooting.

       e.   On or about May 29, 2011, in the vicinity of 2625 Third Avenue in the Bronx, New York, MARQUIS WRIGHT, a/k/a "Mark," and KEITH RUIZ, a/k/a "Keefy," the defendants, and others known and unknown, murdered and aided and abetted the murder of Johnny Moore, an associate of a rival gang.

       f.   On or about December 5, 2011, in the vicinity of 315 East 143rd Street in the Bronx, New York, WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," the defendant, in concert with TJON MACOLL, the defendant, fired gunshots at an associate of a rival gang ("Victim-5").

       g.   In or about 2012, in the vicinity of the Patterson Houses, JONATHAN HARRIS, a/k/a "Eggy," disguised himself as a woman and shot multiple times at a member of a rival gang ("Victim-6").

       h.   On or about July 20, 2012, in the vicinity of 2774 Third Avenue in the Bronx, New York, JONATHAN RODRIGUEZ, a/k/a "Bebo," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," COREY HEYWARD, and JONATHAN HARRIS, a/k/a "Eggy," the defendants, and others known and unknown, assaulted and stabbed multiple times a member of a rival gang ("Victim-7").

       i.   In or about August 2012, in the vicinity of 424 Morris Avenue in the Bronx, New York, WILLIAM KNOX, a/k/a "Mills Gunna," the defendant, fired gunshots at at least one member of a rival gang ("Victim-8").

j.   In or about 2012 or 2013, in the vicinity of 146th Street and Third Avenue in the Bronx, New York, WILLIAM KNOX, a/k/a "Mills Gunna," the defendant, fired gunshots at three associates of a rival gang ("Victim-9," "Victim-10," and "Victim-11").

k.   On or about March 30, 2013, in the vicinity of 281 East 143rd Street in the Bronx, New York, MIGUEL ROMERO, a/k/a "Mikey," the defendant, shot and injured two associates of a rival gang ("Victim-12," and "Victim-13"), hitting Victim-12 in the chest and hitting Victim-13 in the leg.

l.   In or about the Summer of 2013, in the vicinity of 146th Street and Third Avenue in the Bronx, New York, JASON BENJAMIN, a/k/a "JC," the defendant, fired gunshots at at least one associate of a rival gang ("Victim-14").

m.   In or about September 2013, in the vicinity of 328 East 145th Street in the Bronx, New York, DIQUINN LACEND, a/k/a "Naughty," at the direction of JONATHAN RODRIGUEZ, a/k/a "Bebo," shot at at least one rival gang member ("Victim-15").

n.   On or about September 24, 2013, in the vicinity of 308 East 145th Street in the Bronx, New York, TJON MACOLL, a/k/a "TJ," the defendant, shot at at least one rival gang member ("Victim-16"), and subsequently pointed the firearm at two New York City Police Department ("NYPD") officers ("Victim-17" and "Victim-18").

9

o.     On or about December 11, 2013, DIQUINN LACEND, a/k/a "Naughty," the defendant, possessed a firearm in the vicinity of 281 East 143rd Street in the Bronx, New York.

p.     On or about December 12, 2013, in an apartment in the vicinity of the Patterson Houses in the Bronx, New York, where MIA DENTICO, the defendant, resided, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," RAHEEM AMARIZAN, a/k/a "Rah Rah," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," COREY HEYWARD, KAYE ROSADO, a/k/a "Trippa," KENNETH JENKINS, MIA DENTICO, the defendants, and a co-conspirator not named herein ("CC-2"), were found in possession of: (i) approximately 130 grams of crack; (ii) approximately 20 grams of heroin; (iii) approximately 35 grams of cocaine; (iv) a quantity of marijuana; (v) approximately eight .45 millimeter rounds of ammunition; and (vi) approximately 19 .9 millimeter rounds of ammunition, among other contraband.

q.     On or about May 7, 2014, WILLIAM KNOX, a/k/a "Mills Gunna," the defendant, possessed a firearm in the vicinity of East 145th Street and College Avenue in the Bronx, New York.

r.     On or about June 7, 2014, in the vicinity of 311 East 143rd Street in the Bronx, New York, JONATHAN HARRIS, a/k/a "Eggy," the defendant, and others known and unknown, fired multiple gunshots, one of which hit a rival gang member ("Victim-

10

19"), and one of which hit the hat of an NYPD officer ("Victim-20").

s.   On or about July 19, 2014, a co-conspirator not named herein ("CC-3"), possessed a firearm in the vicinity of East 144th Street and Third Avenue in the Bronx, New York.

t.   On or about August 21, 2014, in the vicinity of 300 East 143rd Street in the Bronx, New York, RYAN VALENTIN, the defendant, acting in concert with CC-3, the defendant, and a co-conspirator not identified herein ("CC-4"), shot an associate of a rival gang ("Victim-21").

u.   In or about August or September 2014, in the vicinity of 331 East 146th Street in the Bronx, New York, JONATHAN HARRIS, a/k/a "Eggy," the defendant, fired gunshots at two associates of a rival gang ("Victim-22" and "Victim-23").   After the shooting, HARRIS handed the gun used in the shooting to TJON MACOLL, a/k/a "TJ," the defendant, who hid the firearm in CC-4's apartment.

v.   On or about October 2, 2014, in the vicinity of 328 East 145th Street in the Bronx, New York, a co-conspirator not named herein ("CC-5"), fired gunshots at an associate of a rival gang ("Victim-24"), hitting the cap Victim-24 was wearing, and knocking the cap off Victim-24's head.   During the shooting, COREY COOKS, the defendant, held the door to a building in the vicinity of 328 East 145th Street in the Bronx, New York, so CC-5

could quickly flee after the shooting.  CC-3 and CC-4 accompanied CC-5 in the lobby of the 328 East 145th Street building.  After the shooting, CC-5 gave the firearm to CC-3, who hid the firearm in an apartment in the vicinity of the Patterson Houses.

w.   On or about April 15, 2015, in the vicinity of 2690 Third Avenue in the Bronx, New York, WILFREDO RIVERA, a/k/a "Cito," the defendant, stabbed and injured an associate of a rival gang ("Victim-25").  CC-4 accompanied RIVERA during the stabbing.

x.   On or about May 17, 2015, in the vicinity of Massena, New York, PAMELA BROWN, the defendant, was found in possession of approximately 54 grams of heroin and a quantity of marijuana.

y.   On or about June 11, 2015, in the vicinity of 360 East 137th Street in the Bronx, New York, CC-2 possessed a firearm, ammunition, and a quantity of mixtures and substances containing a detectable amount of cocaine.

z.   On or about July 29, 2015, in the vicinity of 326 East 148th Street, CC-4, accompanied by TJON MACOLL, a/k/a "TJ," the defendant, and another co-conspirator not named herein ("CC-6") fired gunshots at an associate of a rival gang ("Victim-26").

aa.   On or about September 9, 2015, in the vicinity of 27 Cedar Street, Norfolk, New York, JONATHAN HARRIS, a/k/a "Eggy," the defendant, was found in possession of (i) approximately

110 grams of cocaine; (ii) approximately one gram of heroin; (iii) quantities of marijuana; (iv) approximately $11,351 in United States currency, among other contraband.

bb.   On or about September 17, 2015, in the vicinity of Tupper Lake, New York, JONATHAN HARRIS, a/k/a "Eggy," the defendant, and others known and unknown, were found in possession of approximately $9,530 in United States currency.

cc.   From at least in or about December 2015 up to and including June 2016, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," KENNETH JENKINS, the defendants, and others known and unknown, unlawfully possessed and distributed smokeable synthetic cannabinoids and other contraband while incarcerated within the Metropolitan Correctional Center in New York, New York.

### NOTICE OF SPECIAL SENTENCING FACTORS

8.   On or about September 28, 2008, in the Southern District of New York, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," and KEITH RUIZ, a/k/a "Keefy," the defendants, and others known and unknown, knowingly murdered and aided and abetted the murder of Brandon Howard in the vicinity of 315 East 143rd Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, with intent to cause the death of another person, RODRIGUEZ, WRIGHT, BENJAMIN, MCBETH,

RUIZ, and others known and unknown, caused the death of Brandon Howard, and (ii) under circumstances evincing a depraved indifference to human life, RODRIGUEZ, WRIGHT, BENJAMIN, MCBETH, RUIZ, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Brandon Howard.

9. On or about May 29, 2011, in the Southern District of New York, MARQUIS WRIGHT, a/k/a "Mark," KEITH RUIZ, a/k/a "Keefy," the defendant, and others known and unknown, knowingly murdered and aided and abetted the murder of Johnny Moore in the vicinity of 2625 Third Avenue, Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, WRIGHT, RUIZ, and others known and unknown, caused the death of Johnny Moore, and (ii) under circumstances evincing a depraved indifference to human life, WRIGHT, RUIZ, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Johnny Moore.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO

### (Murder of Brandon Howard in Aid of Racketeering)

The Grand Jury further charges:

10. At all times relevant to this Indictment, 18 Park, as described in paragraphs 1 through 4 of Count One of this

14

Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

11. At all relevant times to this Indictment, 18 Park, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

12. On or about September 28, 2008, in the Southern District of New York, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," and KEITH RUIZ, a/k/a "Keefy," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 18 Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an

15

enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Brandon Howard in the vicinity of 315 East 143rd Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, RODRIGUEZ, WRIGHT, BENJAMIN, MCBETH, RUIZ, and others known and unknown, caused the death of Brandon Howard; and (ii) under circumstances evincing a depraved indifference to human life, RODRIGUEZ, WRIGHT, BENJAMIN, MCBETH, RUIZ, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Howard.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT THREE

### (Murder of Johnny Moore in Aid of Racketeering)

The Grand Jury further charges:

13. Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

14. On or about May 29, 2011, in the Southern District of New York, MARQUIS WRIGHT, a/k/a "Mark," and KEITH RUIZ, a/k/a "Keefy," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 18

16

Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Johnny Moore in the vicinity of 2625 Third Avenue, Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, WRIGHT, RUIZ, and others known and unknown, caused the death of Johnny Moore; and (ii) under circumstances evincing a depraved indifference to human life, WRIGHT, RUIZ, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Moore.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FOUR

### (Assault and Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

15.   Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

16.   On or about December 5, 2011, in the Southern District of New York, WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," and TJON MACOLL, a/k/a "TJ," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of

17

pecuniary value from 18 Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, AMARIZAN shot at and attempted to murder Victim-5, who was an associate of a rival gang, in the vicinity of 300 East 143rd Street in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 125.25, 110.00, and 20.00, and MACOLL aided and abetted the same.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT FIVE

**(Assault and Attempted Murder in Aid of Racketeering)**

The Grand Jury further charges:

17. Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

18. On or about September 24, 2013, in the Southern District of New York, TJON MACOLL, a/k/a "TJ," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 18 Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an

18

enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, MACOLL shot at and attempted to murder members of a rival gang, including Victim-16, who was an associate of a rival gang, in the vicinity of 308 East 145th Street in the Bronx, New York, in violation of New York Penal Law, Sections 120.14(1), 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT SIX

### (Assault and Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

19.   Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

20.   On or about June 7, 2014, in the Southern District of New York, JONATHAN HARRIS, a/k/a "Eggy," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 18 Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon;

19

attempted to murder an individual; and aided and abetted the same, to wit, HARRIS shot at and attempted to murder members of a rival gang, including Victim-19, and an NYPD officer, Victim-20, in the vicinity of 311 East 143rd Street in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 120.14(1), 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT SEVEN

**(Assault and Attempted Murder in Aid of Racketeering)**

The Grand Jury further charges:

21.   Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

22.   On or about October 2, 2014, in the Southern District of New York, COREY COOKS, the defendant, CC-3, CC-4, CC-5, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 18 Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, CC-5 attempted to murder Victim-24, who was a member of a

20

rival gang, in the vicinity of 328 East 145th Street in the Bronx, New York, shooting numerous times at Victim-24, which bullets hit the cap Victim-24 was wearing, knocking it off Victim-24's head, in violation of New York Penal Law, Sections 120.05, 120.14(1), 125.25, 110.00, and 20.00, and COOKS, CC-3, and CC-4 aided and abetted the same.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

**COUNT EIGHT**

**(Assault and Attempted Murder in Aid of Racketeering)**

The Grand Jury further charges:

23.  Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

24.  On or about April 15, 2015, in the Southern District of New York, WILFREDO RIVERA, a/k/a "Cito," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 18 Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, RIVERA stabbed and attempted to murder Victim-25, who was

21

an associate of a rival gang, in the vicinity of 2690 Third Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT NINE

**(Assault and Attempted Murder in Aid of Racketeering)**

The Grand Jury further charges:

25.   Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

26.   On or about July 29, 2015, in the Southern District of New York, TJON MACOLL, a/k/a "TJ," the defendant, CC-4, CC-6, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from 18 Park, and for the purpose of gaining entrance to and maintaining and increasing position in 18 Park, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, MACOLL, the defendant, CC-4, and CC-6 committed, and aided and abetted, the shooting and attempted murder members of a rival gang, including Victim-26, in the vicinity of

22

326 East 148th Street in the Bronx, New York, in violation of New York Penal Law, 120.05, 120.14(1), 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## NARCOTICS VIOLATIONS

### COUNT TEN

### (Narcotics Conspiracy)

The Grand Jury further charges:

27.    From at least in or about 2006 up to and including in or about June 2016, in the Southern District of New York and elsewhere, MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," RAHEEM AMARIZAN, a/k/a "Rah Rah," TJON MACOLL, a/k/a "TJ," COREY HEYWARD, JONATHAN HARRIS, a/k/a "Eggy," WILLIAM KNOX, a/k/a "Mills Gunna," DAQUAN MCBETH, a/k/a "Day Day," MIGUEL ROMERO, a/k/a "Mikey," KAYE ROSADO, a/k/a "Trippa," DIQUINN LACEND, a/k/a "Naughty," WILFREDO RIVERA, a/k/a "Cito," KENNETH JENKINS, MIA DENTICO, and PAMELA BROWN, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

28.    It was a part and an object of the conspiracy that MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," RAHEEM

AMARIZAN, a/k/a "Rah Rah," TJON MACOLL, a/k/a "TJ," COREY HEYWARD, JONATHAN HARRIS, a/k/a "Eggy," WILLIAM KNOX, a/k/a "Mills Gunna," DAQUAN MCBETH, a/k/a "Day Day," MIGUEL ROMERO, a/k/a "Mikey," KAYE ROSADO, a/k/a "Trippa," DIQUINN LACEND, a/k/a "Naughty," WILFREDO RIVERA, a/k/a "Cito," KENNETH JENKINS, MIA DENTICO, and PAMELA BROWN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

29. The controlled substances involved in the offense were: (a) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); (b) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); (c) a quantity of mixtures and substances containing a detectable amount of cocaine in violation of Title 21, United States Code, Section 841(b)(1)(C); (d) a quantity of mixtures and substances containing a detectable amount of smokeable synthetic cannabinoids, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (e) a quantity of mixtures and substances containing a detectable amount of

marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## FIREARMS VIOLATIONS

### COUNT ELEVEN

**(Use of a Firearm for the Murder of Brandon Howard)**

The Grand Jury further charges:

30. On or about September 28, 2008, in the Southern District of New York, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," DAQUAN MCBETH, a/k/a "Day Day," KEITH RUIZ, a/k/a "Keefy," the defendants, and others known and unknown, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder of Brandon Howard in aid of racketeering charged in Count Two of this Indictment, willfully and knowingly did use and carry a firearm, and, in furtherance of such crime of violence, did possess a firearm, and in the course of that crime of violence did cause the death of a person through the use of a firearm, namely the death of Howard, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, RODRIGUEZ, WRIGHT, BENJAMIN, MCBETH, and RUIZ shot and killed, and

aided and abetted the shooting and killing of, Howard in the vicinity of 315 East 143rd Street in the Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT TWELVE

### (Use of a Firearm for the Murder of Johnny Moore)

The Grand Jury further charges:

31.   On or about May 29, 2011, in the Southern District of New York, MARQUIS WRIGHT, a/k/a "Mark," and KEITH RUIZ, a/k/a "Keefy," the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder of Johnny Moore in aid of racketeering charged in Count Three of this Indictment, willfully and knowingly did use and carry firearms, and, in furtherance of such crime of violence, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of that crime of violence did cause the death of a person through the use of at least one of those firearms, namely the death of Moore, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, WRIGHT and RUIZ shot and killed, and aided and abetted the shooting and killing of, Johnny Moore in the vicinity of 2625 Third Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT THIRTEEN

**(Use of Firearms in Connection with Racketeering Conspiracy)**

The Grand Jury further charges:

32.   From at least in or about 2011, up to and including in or about June 2016, in the Southern District of New York, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," RAHEEM AMARIZAN, a/k/a "Rah Rah," TJON MACOLL, a/k/a "TJ," COREY HEYWARD, JONATHAN HARRIS, a/k/a "Eggy," WILLIAM KNOX, a/k/a "Mills Gunna," COREY COOKS, DAQUAN MCBETH, a/k/a "Day Day," JAHNOMI BENJAMIN, a/k/a "Jamroc," KEITH RUIZ, a/k/a "Keefy," RYAN VALENTIN, MIGUEL ROMERO, a/k/a "Mikey," KAYE ROSADO, a/k/a "Trippa," DIQUINN LACEND, a/k/a "Naughty," WILFREDO RIVERA, a/k/a "Cito," KENNETH JENKINS, and MIA DENTICO, the defendants, and others known and unknown, during and in relation to: (a) a crime of violence for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment, and (b) a drug trafficking crime for which they may be prosecuted in a court of the United States, namely the racketeering conspiracy charged in Count One of this Indictment and the narcotics conspiracy charged in Count Ten of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime of violence and drug trafficking crimes, did possess firearms, and

did aid and abet the use, carrying, and possession of firearms, which were discharged at rival gang members on multiple occasions.

(Title 18, United States Code,
Sections 924(c)(1)(A)(iii) and 2.)

## SPECIAL FINDINGS AS TO JONATHAN RODRIGUEZ

33.   Counts  Two  and  Eleven  of  the  Indictment  are realleged and incorporated by reference as though fully set forth herein.   As to Counts Two and Eleven of the Indictment, alleging the murder of Brandon Howard, the defendant JONATHAN RODRIGUEZ, a/k/a "Bebo":

a.   was 18 years of age or older at the time of the offenses;

b.   intentionally killed Brandon Howard (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily injury that resulted in the death of Brandon Howard (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally  participated  in  an  act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Brandon Howard died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

28

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Brandon Howard died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.   in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

g.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL FINDINGS AS TO MARQUIS WRIGHT

34.   Counts Two and Eleven of the Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Two and Eleven of the Indictment, alleging the murder of Brandon Howard, the defendant MARQUIS WRIGHT, a/k/a "Mark":

a.   was 18 years of age or older at the time of the offenses;

b.   intentionally killed Brandon Howard (Title 18, United States Code, Section 3591(a)(2)(A));

29

c.   intentionally inflicted serious bodily injury that resulted in the death of Brandon Howard (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Brandon Howard died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Brandon Howard died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.   in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

g.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

35.   Counts Three and Twelve of the Indictment are realleged and incorporated by reference as though fully set forth

herein. As to Counts Three and Twelve of the Indictment, alleging the murder of Johnny Moore, the defendant MARQUIS WRIGHT, a/k/a "Mark":

a.   was 18 years of age or older at the time of the offenses;

b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Johnny Moore died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Johnny Moore died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

d.   in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)).

## SPECIAL FINDINGS AS TO JASON BENJAMIN

36.   Counts Two and Eleven of the Indictment are realleged and incorporated by reference as though fully set forth

herein.   As to Counts Two and Eleven of the Indictment, alleging the murder of Brandon Howard, the defendant JASON BENJAMIN, a/k/a "JC":

        a.   was 18 years of age or older at the time of the offenses;

        b.   intentionally killed Brandon Howard (Title 18, United States Code, Section 3591(a)(2)(A));

        c.   intentionally inflicted serious bodily injury that resulted in the death of Brandon Howard (Title 18, United States Code, Section 3591(a)(2)(B));

        d.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Brandon Howard died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Brandon Howard died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

        f.   in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition

to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

g. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL FINDINGS AS TO KEITH RUIZ

37. Counts Three and Twelve of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Three and Twelve of the Indictment, alleging the murder of Johnny Moore, the defendant KEITH RUIZ, a/k/a "Keefy":

a. was 18 years of age or older at the time of the offenses;

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Johnny Moore died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard

for human life and Johnny Moore died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

        d.   in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)).

## FORFEITURE ALLEGATION AS TO COUNT ONE

        38.   As a result of committing the offense charged in Count One of this Indictment, JONATHAN RODRIGUEZ, a/k/a "Bebo," MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," RAHEEM AMARIZAN, a/k/a "Rah Rah," TJON MACOLL, a/k/a "TJ," COREY HEYWARD, JONATHAN HARRIS, a/k/a "Eggy," WILLIAM KNOX, a/k/a "Mills Gunna," COREY COOKS, DAQUAN MCBETH, a/k/a "Day Day," JAHNOMI BENJAMIN, a/k/a "Jamroc," KEITH RUIZ, a/k/a "Keefy, RYAN VALENTIN, MIGUEL ROMERO, a/k/a "Mikey," KAYE ROSADO, a/k/a "Trippa," DIQUINN LACEND, a/k/a "Naughty," WILFREDO RIVERA, a/k/a "Cito," KENNETH JENKINS, MIA DENTICO, and PAMELA BROWN the defendants, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

        a.   any interest acquired or maintained as a result of the offense charged in Count One;

        b.   any interest in, security of, claim against, or property or contractual right of any kind affording a source of

34

influence over any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense charged in Count One; and

c.    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the offense charged in Count One.

39.  The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), and (3), include but are not limited to, a sum that represents the gross proceeds received by the defendants pursuant to their racketeering activities as charged in Count One of the Indictment during the relevant time period charged in the Indictment and all interests and proceeds traceable thereto.

40.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

35

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

41.   The defendants are jointly and severally liable for the forfeiture obligations as charged above.

(Title 18, United States Code, Section 1963.)

### FORFEITURE ALLEGATION AS TO COUNT TEN

42.   As a result of committing the controlled substance offense charged in Count Ten of this Indictment, MARQUIS WRIGHT, a/k/a "Mark," JASON BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN, a/k/a "Will Dollars," a/k/a "Spanish Will," RAHEEM AMARIZAN, a/k/a "Rah Rah," TJON MACOLL, a/k/a "TJ," COREY HEYWARD, JONATHAN HARRIS, a/k/a "Eggy," WILLIAM KNOX, a/k/a "Mills Gunna," DAQUAN MCBETH, a/k/a "Day Day," MIGUEL ROMERO, a/k/a "Mikey," KAYE ROSADO, a/k/a "Trippa," DIQUINN LACEND, a/k/a "Naughty," WILFREDO RIVERA, a/k/a "Cito," KENNETH JENKINS, MIA DENTICO, and PAMELA BROWN, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation charged in Ten of this Indictment, including but not limited to,

a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense charged in Count Ten of the Indictment.

43.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____
FOREPERSON

_____
PREET BHARARA  WBH
United States Attorney

38

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JONATHAN RODRIGUEZ, a/k/a "Bebo,"
MARQUIS WRIGHT, a/k/a "Mark," JASON
BENJAMIN, a/k/a "JC," WILLIAM AMARIZAN,
a/k/a "Will Dollars," a/k/a "Spanish
Will," RAHEEM AMARIZAN, a/k/a "Rah Rah,"
TJON MACOLL, a/k/a TJ," COREY HEYWARD,
JONATHAN HARRIS, a/k/a "Eggy," WILLIAM
KNOX, a/k/a "Mills Gunna," COREY COOKS,
DAQUAN MCBETH, a/k/a "Day Day," JAHNOMI
BENJAMIN, a/k/a "Jamroc," KEITH RUIZ,
a/k/a "Keefy, RYAN VALENTIN, MIGUEL
ROMERO, a/k/a "Mikey," KAYE ROSADO,
a/k/a "Trippa," DIQUINN LACEND, a/k/a
"Naughty," WILFREDO RIVERA, a/k/a
"Cito," KENNETH JENKINS, MIA DENTICO,
and PAMELA BROWN,

Defendants.

SEALED SUPERSEDING INDICTMENT

S6 15 Cr. 445 (PAE)

(18 U.S.C. §§ 1962, 1959, 924(c), 924(j)
and 2, and 21 U.S.C. § 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

9/28/16 Filed Sealed Superseding Indictment
CC

JGorenstein
USMJ