# JOHN M. BURKE

Attorney at Law                                       26 Court Street- Suite 2805
                                                      Brooklyn, New York 11242
                                                      Tel: (718) 875-3707
                                                      Fax: (718) 875-0053

October 5, 2016

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Jonathan Rodriguez, et al., S6 15 Cr. 445 (PAE)*

Dear Judge Engelmayer:

      I am writing on behalf of Raheem Amarizan in response to the Government's letter of September 30, 2016 seeking admissibility of evidence at trial as background or 404(b) evidence. The defense understands that evidence which is direct proof of the charges is admissible at trial. However, under the rubric of background evidence or 404(b) the prosecution seeks to introduce evidence which is outside the scope of the conspiracy, only tangentially relevant and highly prejudicial. Amarizan specifically objects to the admission of:

1) Evidence of possession of small amount of marijuana on November 10, 2012, February 13, 2015 and May 5, 2015.
2) Evidence of possession of small amount of crack cocaine on May 22, 2015.
3) Evidence of bad acts of other co-conspirators not on trial.

      In their enterprise letter the Government has listed 18 separate violent incidents connected to the defendants who will not be present at trial. The defense objects to this potential evidence since it is irrelevant to the defendants and the charges at trial, and to the extent it may be probative, its probative value is outweighed by its prejudicial nature.

1) <u>THE PROFFERED EVIDENCE IS OUTSIDE THE SCOPE OF THE COSNPIRACY, LACKS PROBITY, AND SHOULD NOT BE ADMITTED AT TRIAL</u>

The Honorable Paul A. Engelmayer                                              October 5, 2016
United States District Court                                                            Page 2

In this instance the "bad acts" evidence the Government intends to introduce at trial is inherently prejudicial and should not be placed before the jury.

Fed. R. Evid. 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…

Rule 404(b) must be read with Fed. R. Evid. 403, which provides for the exclusion of relevant evidence if:

> Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence proffered under Rule 404(b) must meet three basic criteria before it can be properly admitted at trial. It must be:

1) Offered for a proper purpose.
2) Relevant under Rule 402.
3) Evidence whose probative value substantially outweighs the potential for unfair prejudice. Huddleston v. United States, 485 U.S. 681, 691 (1988).

Here, the proffered evidence meets none of the requirements of Huddleston. It contains prejudicial matter concerning bad acts and is only minimally probative. Amarizan realizes this Circuit has taken an "inclusory approach" to the admission of prior act evidence. United States v. Ortiz, 875 F.2d 900 (2d Cir. 1988). However, evidence of prior wrongs or bad acts is still not admissible to show a defendant's criminal propensities. United States v. Brennan, 798 F.2d 581 (2d. Cir. 1986).

The very nature of other-crimes evidence, since it may improperly implicate a defendant's character and a propensity for criminal conduct, is of a kind that has been long singled out for careful analysis.[1] The core problem with other crimes evidence, as the United

---

[1] In *McKinney v. Rees,* 993 F.2d, 1378, 1380 (9th Cir, 1993), the Court traced the view that such evidence should not be admitted as early as 1684. In a murder case tried on the Old Bailey in 1692, the Lord Chief Justice excluded evidence of a prior wrongful act by the defendant, commenting, "Hold, what are you doing now? Are you going to arraign his entire lief? Away, away, that ought not to be; that is nothing to the matter." 12 How. St. Tr. 834 (Old Bailey 1692), cited in *McKinney, supra,* at *id.*

The Honorable Paul A. Engelmayer                                                 October 5, 2016
United States District Court                                                        Page 3

States Supreme Court pointed out in <u>Michelson</u> v. <u>United States</u>, 335 U.S. 469 (1948), is not that such evidence lacks persuasive value. The vice of such evidence is just the opposite, i.e., it may "over persuade" a jury since such evidence tends "to weigh too much with the jury and to so over persuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Id.* at 475-76.

In <u>United States</u> v. <u>Murray</u>, 103 F.3d 310, 316 (3d Cir. 1997), Justice (then Judge) Alito wrote for a panel of the Third Circuit that reversed a murder conviction on the basis of the improper use of other-crimes evidence. Justice Alito's opinion emphasized the need for trial judges "to exercise particular care in admitting such evidence," and noted at least two reasons for the exercise of such caution:

> First, the line between what is permitted and what is prohibited under Rule 404(b) is sometimes quite subtle. Second, Rule 404(b) evidence sometimes carries a substantial danger of unfair prejudice and this raises serious questions under FED. R. EVID. 403.

*Id.* As a result of this analysis, the Court advised trial judges to require a party offering Rule 404(b) evidence "to place on the record a clear explanation of the chain of inferences leading from the evidence in question to a fact 'that is of consequence to the determination of the action.'" *Id.*

In <u>United States</u> v. <u>Gordon</u>, 987 F.2d 902, 908 (2d. Cir. 1993), the Second Circuit underscored the need for a showing of relevance before 404(b) evidence is to be admitted. If the evidence does not provide a legitimate basis for inferring legitimate 404(b) purposes, such as knowledge, identity, common plan, or the like, the evidence cannot be received. <u>United States</u> v. <u>Afjehei</u>, 869 F.2d 670, 674 (2d Cir. 1989).

This Circuit has been quick to reverse conviction when it decided improperly admitted 404(b) material adversely affected the jury's consideration of the evidence. In <u>United States</u> v. <u>Figueroa</u>, 618 F.2d 934 (2d. Cir. 1980), the Court reversed a conviction where evidence was adduced concerning a prior drug sale and the defense was based on the theory that conduct had never taken place. (Also see: <u>United States</u> v. <u>Colon</u>, 880 F.2d 650 (2d. Cir. 1989), and <u>United States</u> v. <u>Manafzadeh</u>, 592 F.2d 81 (2d. Cir. 1979), where it was ruled that since intent was not an issue, it was reversible error to admit evidence of subsequent bad check fraud).

Evidence of possession of small amounts of marijuana and cocaine is not particularly relevant to the charges in the indictment and it tends to paint Raheem Amarizan as a habitual

The Honorable Paul A. Engelmayer	October 5, 2016
United States District Court	Page 4

criminal in front of the jury. Cumulative violent evidence relating to co-conspirators who will not be present as trial will be highly prejudicial and lacks any real probity. Under these circumstances the evidence should be precluded at trial.

## 3500 MATERIAL

The defense requests the immediate production of all 3500 material. Trial is scheduled to begin October 24, 2016 and the defense needs to review the voluminous 3500 material in order to prepare for trial.

Respectfully submitted,

_____/S/_____
John M. Burke
Attorney for Raheem Amarizan.