UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                      15 CR. 445 (PAE)

        -against-

MIGUEL ROMERO,

                Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MIGUEL ROMERO'S POST-TRIAL MOTIONS

      This memorandum of law is respectfully submitted on behalf of defendant Miguel Romero in support of his post-trial motion for an order seeking the entry of a Judgment of Acquittal pursuant to Fed.R.Crim.P., Rule 29, or in the alternative, a New Trial in the Interest of Justice Pursuant to Fed.R.Crim.P., Rule 33.

PRELIMINARY STATEMENT

      Defendant Miguel Romero was arraigned in Southern District of New York indictment 15 cr 445 (PAE) charging him with Conspiracy to participate in a Racketeering Enterprise, Conspiracy to Possess With the Intent to Distribute Crack Cocaine and Possessing a Firearm in relation to the conspriacies charged in Counts One and Two. On October 31, 2016, this Court began jury selection and conducted a jury trial of the defendants on the trial indictment. Ultimately after trial, the defendant was convicted of counts one, two and three, but the special verdicts in the case as to Miguel

Romero were all found by the jury not to be proven.

STANDARDS OF REVIEW

Rule 33 Motion: New Trial

Fed.R.Crim.P., Rule 33 (a) states in pertinent part, "Upon the defendant's motion the court may vacate any judgment and grant a new trial if the interest of justice so requires." "Generally, a motion for a new trial 'should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Smith v. Carpenter, 316 F.3d 178, 183 (2d Cir. 2003). "A court has broad discretion to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice. " United States v. Ferguson, 246 F.3d 129, 133 (2d Cir. 2001). Moreover, "[w]ithin the rubric of Rule 33, the trial court's authority to examine the evidence is much broader than on a motion challenging the sufficiency of the evidence. The court is empowered to "'weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'" United States v. Sanchez, 969 F.2d at 1409, 1413 (2d Cir. 1992)(quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)). Though the power to grant a new trial under Rule 33 must be exercised sparingly, and only in the most extraordinary of circumstances, it is nonetheless broader than the power to grant a motion for acquittal under Rule 29. Ferguson, 246 F.3d at 134.

Rule 29 Motion: Sufficiency of Evidence

Fed.R.Crim.P, Rule 29(a) provides: "After the government closes its evidence or

after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "A defendant challenging the sufficiency of the evidence supporting a conviction faces a heavy burden." United States v. Glenn, 312 F.3d 58, 63 (2d Cir. 2002). A court may overturn a conviction on that basis "only if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor," the court finds that "no rational trier of fact could have concluded that the Government met its burden of proof." Id. "'[T]he relevant question is whether…any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). It is well settled that a defendant must demonstrate that there was no evidence from which a reasonable mind might fairly conclude guilt beyond a reasonable doubt. United States v. Strauss, 999 F.2d 692, 696 (2d Cir. 1993). The Court's evaluation considers "'the evidence in its totality,' and the Government 'need not negate every theory of innocence.'" Glenn, 312 F.3d at 65. This Court must "view the pieces of evidence not in isolation but conjunction." United States v. Thai, 29 F.3d 785, 817 (2d Cir. 1994). Moreover, "the prosecution may prove its case entirely by circumstantial evidence so long as guilt is established beyond a reasonable doubt." Glenn, 312 F.3d at 64.

A court must "defer to a jury's assessments with respect to credibility, conflicting testimony, and the jury's choice of the competing inferences that can be drawn from the evidence." United States v. Heras, 2009 WL 1874373 (E.D.N.Y.); see also United States v. Jones, 393 F.3d 107, 111 (2d Cir. 2004). However, "specious inferences are not indulged because it would not satisfy the Constitution to have a jury determine that the

defendant is probably guilty." United States v. Lorenzo, 534 F.3d 153, 159 92d Cir. 2008).  "If the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." United States v. Cassese, 428 F.3d 92, 99 (2d Cir. 2005).  Deference to a jury's verdict "is especially important when reviewing a conviction for conspiracy because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." Eppolito, 543 F.3d at 46 (internal quotation marks and citation omitted).

ARGUMENT

POINT I

THE COURT SHOULD ENTER A JUDGMENT OF ACQUITTAL OR
GRANT THE DEFENDANT A NEW TRIAL AS THE
UNDER COUNT ONE WAS INSUFFICIENT AND AGAINST
THE WEIGHT OF THE EVIDENCE ADDUCED AT TRIAL

Defendant Miguel Romero was tried before Your Honor on indictment 15 cr 445 and although he was found guilty of Counts One, Two and Three, all of the special verdicts the jury deliberated upon were not proven as to the defendant.  The jury decided that it was not proven defendant Miguel Romero conspired to possess with intent to distribute more than 280 or 28 grams of cocaine and heroin under counts one and two, and it was not proven that the defendant discharged a weapon in relation to the conspriacies charged in counts one and two. The government called numerous cooperating witnesses to prove its case, and the Jury's verdict clearly reflects their rejection of most of the government's cooperating witnesses'

4

testimony. It is submitted that the jury's reliance on what this court should now consider weak testimony does not link the defendant to the charged conspiracies in count one and two and certainly was insufficient to establish to defendant possessed a gun in relation to the charged conspiracies beyond a reasonable doubt.

> DefendantAsks for a New Trial on Counts One, Two and Three
> Pursuant to Fed.R.Crim.P. Rule 33(a)

It is respectfully submitted that a new trial is warranted on Counts One, Two and Three pursuant to Rule 33(a). Fed.R.Crim.P. 33(a) reads in pertinent part, that "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "Whether to grant a motion for a new trial pursuant to Rule 33 rests in the broad discretion of the trial judge." United States v. Ferguson, 246 F.3d 129 (2d Cir. 2001). This broad discretion may be used "to avert a perceived miscarriage of justice." Id at 133.

Unlike a Rule 29 motion, in deciding a motion under Rule 33, this court may weigh the evidence and determine the credibility of witnesses. United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992). Further, under Rule 33 review the Court is not required to view the evidence in the light most favorable to the government. Id.

As counsel argued in his closing statement to the jury, (Tr 2174-2214), which counsel refers to an incorporates herein, the government's evidence did not prove the charges in the indictment. The five cooperating witnesses' testimony did not prove beyond a reasonable doubt that the defendant conspired to sell any narcotics as argued by the government with members of the 18 Park Gang. Nor did it establish that he joined the 18 Park Gang knowing that the Gang members committed murders or sold more than 280 grams of illegal drugs. The evidence simply did not prove that. Moreover, the testimony regarding the defendant's alleged gun possession, on a basketball court and in his mother's house, had nothing to do with the 18 Park Gang. How could the jury find it was not proven the defendant discharged a gun in relation to the Racketeering conspiracy count under count three, yet find him guilty

of possessing a gun in relation to counts one and two. Moreover, the testimony regarding the gun found in his house, by the cooperating witnesses own testimony had nothing to do with the 18 Park Gang. It had to do with the cooperating witness not wanting his mother to find his gun in his own house. The contradiction in the verdict establishes that the jury was confused about the evidence. As the Court sits as the 13th juror to determine this aspect of the motion, the court should have doubts as to the government's evidence adduced at trial. The government simply did not prove its case against Miguel Romero beyond a reasonable doubt on any of the three charges in the trial indictment. The evidence of guilt is clearly lacking.

Accordingly, this Court should vacate the conviction of defendant Miguel Romero on Counts One, Two and Three and grant him a new trial.

Under these standards, the Second Circuit affirmed Judge Scheindlin's order in Ferguson granting a new trial under Rule 33 in a trial for conspiracy to commit murder in aid or racketeering on the basis that the prosecution failed to provide necessary evidence showing that the motive was for gang membership or status. Ferguson, 246 F.3d at 135-6. In United States v. Morales, 902 F.2d 604 (7th Cir. 1990), a new trial was granted under Rule 33 because of discrepancies in the only witness' testimony and aspects of physical evidence, and the harsh minimum sentence for conviction.

In United States v. D'Angelo, 2004 WL 315237, at *28 (EDNY 2004), Eastern District Judge Gleeson held that a new trial was warranted under Rule 33 following a defendant's conviction of murder in aid of racketeering. As Judge Gleeson explained, an example of an exceptional circumstance warranting a new trial is where "testimony is 'patently incredible or defies physical realities.'"

This is precisely the circumstances presented here. Counsel has detailed the deficiencies in the government's case in his trial summation, and incorporates those same arguments here under Rule 33. As Judge Scheindlin noted in Ferguson,

"[t]he conclusion to grant a new trial is not in conflict with my earlier ruling denying [the] Rule 29 motion. In that context, drawing every reasonable inference in favor of the government, I found the evidence sufficient to support a finding of guilt beyond a reasonable doubt. On a Rule 33 motion, however, I am entitled to weigh the evidence, or lack thereof…The Court's "discretion to review the evidence is much wider upon motion for a new trial than on judgment of acquittal" because of the differing effects upon the trial process the two rulings have." United States v. Ferguson, 49 F.Supp.2d 321, 330 (SDNY 1999).

It is submitted that the very definition of manifest injustice would be for an individual like defendant Miguel Romero to face a mandatory minimum sentence of five years based on the scant, weak testimony regarding defendant Miguel Romero's "participation" in the charged conspiracies and the use of weapon during those conspiracies.

### The Court Should Enter a Judgment of Acquittal Pursuant to Rule 29

A court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). Specifically, the court must grant a judgment of acquittal unless a reasonable mind can find guilt on each element of the charged offense beyond a reasonable doubt. United States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984). United States v. Macklin, 671 F.2d 60, 65 (2d Cir. 1982). As stated by the Second Circuit in United States v. Taylor, 464 F.2d 240, 243 (2d cir. 1972), when a defendant moves for a judgment of acquittal, the Court:

"Must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable reasonable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If [the Court] concludes that upon the evidence there must be such a doubt in a reasonable mind, [it] must grant the motion[.]"

We start, of course, with the premise that "in a criminal prosecution the government bears the burden of proving beyond a reasonable doubt every fact necessary to constitute the crime with which the defendant is charged." United States v. Spadea, 1993 WL 498037 at

7

*4. While an offense element may be established by inference, "it is not enough that the inferences in the government's favor are permissible." United States v. Martinez, 54 F.3d 1040, 1043 (2d cir. 1995). Rather, such inferences must be "sufficiently supported to permit a rational juror to find that element like all elements, is established beyond a reasonable doubt." Id. Moreover, " the Government must do more than introduce evidence at least as consistent with innocence as with guilt." United States v. D'Amato, 39 F.3d 1249, 1256 (2d Cir. 1994).

In granting a judgment of acquittal in Spadea, for example, Judge Leval concluded that "[w]hile I cannot say there was no evidence…the evidence supporting that hypothesis was so equivocal and the hypothesis so speculative, that it could not, in my view, support the conclusion of guilt beyond a reasonable doubt." 1993 WL 498037 at *4.

While in reviewing a Rule 29 motion, the trial court must view the evidence in the light most favorable to the government, see United States v. Rodriguez, 702 F.2d 38, 41 (2d cir. 1983), the Supreme Court has indicated that in conducting sufficiency review, a court is to examine "all if the evidence." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In his concurring opinion in Martinez, Justice Calabresi explained that in judging whether the evidence was sufficient to support a conviction, the reviewing Court must not look "only to the evidence highlighted through the government's advocacy" but must also look at all of the evidence presented in the trial. Martinez, 54 F.3d at 1047.

With these standards in mind, turning to the substantive law of Counts One, Two and Three as charged by this Court and what the government was required to prove beyond a reasonable doubt, this Court should find the evidence adduced at trial was insufficient to convict defendant Miguel Romero. As the Court explained to the Jury in its Jury Charge, the government was required to prove beyond a reasonable doubt on Counts one and two, each of the following three elements, (1) that two or more persons entered into the charged narcotics conspiracy; (2) that defendant Miguel Romero knowingly and intentional became a member of the conspiracy; and (3) that the conspiracy be to commit an unlawful act. It is

8

respectfully submitted that the evidence was insufficient as a matter of law to find defendant Miguel Romero guilty of knowing and intentionally becoming a member and participating in the charged conspiracies.  It therefore flows that he could therefore not possess a weapon in furtherance of those conspiracies as well.

With regard to the second element – participation – that the government had to establish beyond a reasonable doubt, the Court instructed the jury to consider "did the defendant participate in the conspiracy with knowledge of its unlawful purpose and with the intention of furthering the objectives with which he is charged?"  It is beyond question that merely knowing alleged members of the 18 Park Gang, even making a video where he is seen with alleged members of the 18 Park Gang, did not make a him a member of a conspiracy. Thus, "the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member."  See also Rodriguez, 392 F.3d at 545; United States v. Morgan, 385 F.3d 196, 206 (2d Cir. 2004).

Here, the evidence was insufficient to prove defendant Miguel Romero participated in the charged conspiracies nor did he possess a weapon in furtherance of the charged conspiracies.  In this instance, the Court should grant the motion, and enter a Judgment of Acquittal.

## CONCLUSION

For the foregoing reasons stated herein, defendant Miguel Romero's motion for a Judgment of Acquittal on Counts One, Two and Three should be granted it its entirety. In the alternative, it is requested that the Court grant a new trial pursuant to Rule 33 on

9

Counts One, Two and Three and for such other, further and different relief as the Court deems just and proper.

Dated:        Forest Hills, New York
                January 30, 2017

                                      Respectfully submitted,

                                      /s/

                                      GUY OKSENHENDLER (6358)
                                      Law Offices of Guy Oksenhendler
                                      Attorney for Defendant
                                      Miguel Romero
                                      194 Burns Street, Suite 1
                                      Forest Hills, New York 11375
                                      917-804-8869